---

(20 App. Div. 566.)

## McNEELY v. WELZ et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. EXECUTION—PROPERTY SUBJECT—LIQUOR TAX CERTIFICATE.
   A liquor tax certificate issued under Laws 1896, c. 112, is not subject to levy under execution, under Code Civ. Proc. § 1411, providing that "a bond or other instrument for the payment of money, * * * which was executed and issued by a government, state, county, public officer, or municipal or other corporation, and is in terms negotiable, or payable to the bearer, or holder," is subject to execution.

2. CHATTEL MORTGAGES—PROPERTY INCLUDED.
   A chattel mortgage executed May 15, 1896, included, among other things, the mortgagor's right, title, and interest "to a license to sell beer or to a renewal thereof." Held, that this covered a liquor tax certificate obtained by him in June, 1896, under Laws 1896, c. 112, which had then gone into effect.

3. FORM OF ACTION—EQUITY JURISDICTION.
   Where the real points of difference between litigants have been fully and fairly tried out and decided in an action in equity, the judgment should not be reversed upon objection to the equitable jurisdiction, if there be any reasonable view upon which that jurisdiction can be asserted.

4. PLEADING—DENIAL ON INFORMATION AND BELIEF.
   An allegation that defendants claim an interest in the fund in suit cannot be denied by alleging that defendants have no knowledge or information sufficient to form a belief.

Appeal from special term, Kings county.

Action by Richard A. McNeely against John Welz and Charles Zerweck and others. From a judgment in favor of plaintiff, defendants Welz and Zerweck appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

M. Hallheimer, for appellants.

George D. Armstrong and E. D. Benedict, for respondent.

WILLARD BARTLETT, J. On May 15, 1896, Emil Schiellein, who was then engaged in the business of selling liquor at a place called "Ruffle Bar," in Kings county, executed to the plaintiff a chattel mortgage to secure the repayment of a cash loan of $2,200. This

mortgage covered furniture, household goods, and other personal property used by the plaintiff in his business, and also all his right, title, and interest "to a license to sell beer or to a renewal thereof." Schiellein subsequently, on June 23, 1896, obtained a liquor tax certificate from Henry W. Michell, the special deputy commissioner of excise for Kings county, under the new liquor tax law (chapter 112 of the Laws of 1896). He retained this certificate until October 31, 1896, when he surrendered it to the special deputy commissioner, from whom there then became due to Schiellein a rebate of $325; but, not having the money with which then to pay this rebate, that officer gave him an instrument known as a "surrender receipt," stating that the sum of $325 was payable on the surrender certificate out of any excise money thereafter received from the city of Brooklyn or county of Kings, or in any other manner thereafter legalized. No money has yet been paid on the surrender. Meantime, the appellants, Welz and Zerweck, had sued Schiellein upon a promissory note for $600, and had obtained judgment against him upon which an execution was issued, under which a deputy sheriff of Kings county, on October 15, 1896, assumed to levy upon Schiellein's tax certificate and its surrender value. This he did by serving upon Mr. Michell, the special deputy commissioner of excise, a notice in writing, informing that officer that he had levied upon all the leviable right, title, and interest which Emil Schiellein had on October 1, 1896, or at any time thereafter, in whose hands soever the same might be, in and to a liquor tax certificate then in the commissioner's possession. The deputy sheriff did not see the liquor tax certificate at the time in the commissioner's office, nor was it there in fact, nor did he see any money purporting to belong to Schiellein. The certificate had not yet in fact been surrendered.

Upon the oral argument, we intimated a pretty strong opinion that a liquor tax certificate issued under chapter 112 of the Laws of 1896 was not subject to levy under execution. To this opinion we adhere. Such a certificate does not fall within any class of those evidences of debt upon which the Code authorizes an execution to be levied. Code Civ. Proc. § 1411. That the liquor tax certificate was embraced within the terms of Schiellein's mortgage to the plaintiff, we think, is equally plain. As the learned trial judge suggests, the defendant Schiellein, by referring in the mortgage to a renewal of his license, must have had in contemplation its renewal in the only manner possible under the new law; that is, by taking out a liquor tax certificate. We find no difficulty, therefore, in sustaining the conclusions of the court below to the effect that the appellants took nothing by their attempted levy upon the liquor tax certificate, and that the plaintiff, under his mortgage, became entitled to the $325 rebate thereon. It is not so clear that the plaintiff was entitled to have his rights to this fund determined in equity, instead of resorting to a suit at law; but, as the real points of difference between the litigants have been fully and fairly tried out and decided, the judgment should be upheld, if there be any reasonable view upon which the equitable jurisdiction of the court can be asserted. We think the action may be regarded as a suit to foreclose the plaintiff's mortgage so far as it

related to the liquor tax certificate, and hence as cognizable in equity. Thus viewed, the appellants were proper parties defendant, for the proof that the deputy sheriff attempted to levy on the certificate by direction of their attorney is sufficient to show that they really claimed an interest in the rebate, as alleged in the complaint. Indeed, the only denial of this allegation is a statement in the answer that they have no knowledge or information sufficient to form a belief as to the matter, which statement is incredible. A defendant must know whether he makes or does not make a particular claim. Inasmuch, therefore, as the appellants have evidently been persistent in their efforts to obtain a fund to which the plaintiff has established his right, we think the award of costs against them should stand, as well as the rest of the judgment.

Judgment affirmed, with costs. All concur.